1  KING, HOLMES, PATERNO & BERLINER, LLP
2  HOWARD E. KING, ESQ., STATE BAR NO. 77012
   KING@KHPBLAW.COM
3  STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
   ROTHSCHILD@KHPBLAW.COM
4  1900 AVENUE OF THE STARS, 25TH FLOOR
5  LOS ANGELES, CALIFORNIA 90067-4506
   TELEPHONE: (310) 282-8989
6  FACSIMILE:  (310) 282-8903
7
   Attorneys for Plaintiff Amethyst Kelly
8  p/k/a Iggy Azalea
9
10
11              UNITED STATES DISTRICT COURT
12     CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION
13

| 14 AMETHYST KELLY, professionally known as IGGY AZALEA,<br><br>16                        Plaintiff,<br>17        vs.<br>18<br>19 PRIMCO MANAGEMENT, INC., a Delaware corporation; ESMG INC., a Nevada corporation; TOP SAIL PRODUCTIONS, LLC a California limited liability company; MAURICE WILLIAMS a/k/a MAURICE LASEL a/k/a Nuwine a/k/a Wine-O a/k/a Jefe Wine a/k/a Hefe Wine, doing business as "WINE ENTERPRISES, INC.", a/k/a "wineenterprises inc." an unknown entity; and DOES 1 to 10,<br><br>                      Defendants. | CASE NO.<br><br>**COMPLAINT FOR:**<br><br>(1)  Copyright Infringement<br>(2)  Declaratory Judgment<br>(3)  Violation of Cal. Civ. Code § 3344<br>(4)  Misappropriation of Common Law Right of Publicity<br>(5)  Trademark Infringement<br>(6)  Trademark Dilution<br>(7)  Violation of Cal. Bus. and Professions Code §§17200 *et seq.*<br>(8) Rescission and Restitution<br>(9) Conversion<br><br>**DEMAND FOR JURY TRIAL** |
|---|---|

28  / / /

1    Plaintiff Amethyst Kelly, professionally known as Iggy Azalea ("Azalea" or

2  "Plaintiff"), hereby alleges as follows:

3                    **BACKGROUND OF THIS ACTION**

4    1.    This case is to remedy Defendants Primco Management, Inc.

5  ("Primco"), ESMG Inc. ("ESMG"), Top Sail Productions, LLC ("Top Sail"), and

6  Maurice Williams' ("Williams") (collectively, "Defendants") willful infringements

7  of Azalea's copyrights in previously unreleased musical sound recordings and

8  lyrics, and of Azalea's trademark, misappropriation of Azalea's name, voice,

9  likeness and rights of publicity, theft of computer files, and clumsy forgery of

10  Azalea's signature on a purported recording contract.

11    2.    From and after at least August 15, 2014, Defendants have defied

12  Azalea's demands that they refrain from wrongfully exploiting her name, likeness

13  and copyrighted music by distributing her music without her consent and by using

14  her trademarked name and her likeness to promote themselves and the music they

15  misappropriated.

16    3.    Although Defendants have announced that they will release an EP by

17  Azalea on September 30, 2014 through a major label distributor, Defendants have

18  no right to do so.

19                    **JURISDICTION AND VENUE**

20    4.    This action is brought, and subject matter jurisdiction lies within this

21  Court, pursuant to 28 U.S.C. §§ 1331, 1338(a)-(b), and 2201.  This Court has federal

22  question jurisdiction in that Azalea seeks relief pursuant to the Copyright Act of

23  1976, 17 U.S.C. § 101 *et seq.*, under the Lanham Act, 15 U.S.C. § 1114 *et seq.*, and

24  under a substantial and related claim for unfair competition.

25    5.    This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367

26  over any claims arising under state law because those claims are so related to the

27  claims in the action within the Court's original jurisdiction that they form part of the

28  same case or controversy under Article III of the United States Constitution.

6.     Venue is proper in this district pursuant to 28 U.S.C. §§ 1391(b)(1), (2) and (3), and 1400(a) in that Defendants or their agents  reside in this district; a substantial part of the alleged acts and omissions in giving rise to the claims herein occurred in this district; and Azalea is informed and believes and based thereon alleges that Primco, ESMG, Top Sail and Williams each regularly and systematically conduct business in this district, did so in connection with the acts and omissions alleged herein, and therefore, are subject to personal jurisdiction in this district.

## THE PARTIES

7.     Azalea is a famous musical recording artist and model. She has been the "face" of Levi's Jeans, had her first and second singles rank number 1 and 2 on the *Billboard* Hot 100, and has collaborated with A-list musical artists including Jennifer Lopez and Pharrell Williams. As of the filing of this action, Azalea has over 267,820,993 YouTube views for her video for her number-one hit single "Fancy"; 4,850,140 "likes" on her Facebook page; and 2,450,000 Twitter followers.

8.     Azalea is informed and believes and based thereon alleges that Williams, also known as Maurice Lasel, also known as Wine-O, also known as Hefe Wine, also known as Jefe Wine, is a resident of Texas doing business as "Wine Enterprises, Inc.," also known as "wineenterprises inc.," an unknown entity, using an assumed and fictitious corporate name to lend an air of legitimacy to his dealings.

9.     Azalea is informed and believes and based thereon alleges that Primco is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Los Angeles, California, and holds itself out to the public as a medical marijuana, real estate management and multi-media company.

10.     Azalea is informed and believes and based thereon alleges that ESMG is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business in Los Angeles, California, and is a wholly-owned subsidiary of Primco that holds itself out to the public as engaged in the business of

1    producing and distributing music and film.

2         11.    Azalea is informed and believes and based thereon alleges that Top Sail
3    is a limited liability company organized and existing under the laws of the State of
4    California, with its principal place of business in Los Angeles, California, and is a
5    wholly-owned subsidiary of Primco that holds itself out to the public as a music
6    production and recording company.

7         12.    Azalea is informed and believes and based thereon alleges that, at all
8    times material herein, Primco, ESMG, Top Sail and Williams are and were each the
9    alter egos of the others, and there exists and has existed at all times material herein a
10   unity of interest and ownership between and among them, such that any
11   separateness between or among them has ceased to exist, and ESMG and Top Sail
12   are mere shells, instrumentalities, and conduits through which Primco has at all
13   times material herein carried out its business, exercising complete control and
14   dominance over them such that any individuality or separateness between or among
15   them has ceased to exist.

16        13.    Adherence to the fiction of the separate existences of Primco, ESMG,
17   and Top Sail as entities distinct from each other would permit an abuse of the
18   corporate privilege, sanction fraud and promote injustice.

19        14.    Azalea sues Does 1 through 10, inclusive, herein under fictitious
20   names.  Azalea does not know their true names and capacities.  When Azalea
21   ascertains the Doe Defendants' true names and capacities, Azalea will amend this
22   complaint by inserting their true names and capacities herein.  Azalea is informed
23   and believes and based thereon alleges that each Defendant named herein as a Doe
24   acted with the other Defendants and is responsible for the damages to Azalea herein
25   alleged.  Each reference in this complaint to "Defendants," or to any of them, also
26   refers to all Defendants sued under fictitious names.

27        15.    Azalea is informed and believes and based thereon alleges that at all
28   times material herein each of the Defendants was the agent, employee, partner, joint

1  venturer, or co-conspirator of each of the other Defendants, and in doing the things

2  hereinafter alleged, was acting within the purpose, course and scope of such agency,

3  employment, partnership, joint venture and conspiracy, and that each Defendant has

4  ratified and approved the acts of the other Defendants.

5  ## FACTS COMMON TO ALL CLAIMS

6  ### Azalea's Original Works of Authorship

7  16.    This action has been brought, *inter alia*, to protect previously

8  unreleased sound recordings of Azalea's vocal performances of lyrics she wrote,

9  which she recorded from in or around March 2008 to in or around December 2008,

10  and her copyrights therein.

11  17.    In or about March 2008, Azalea wrote and made a sound recording of

12  herself performing the song, "Take My Picture."

13  18.    In or about May 2008, Azalea wrote and made sound recordings of

14  herself performing the songs, "It Ain't Tricking," and "U Ain't My Daddy" on her

15  personal computer.

16  19.    In or about 2008, Azalea wrote and made a sound recording of herself

17  performing the song "Miss International" on her personal computer.

18  20.    Unnamed and unreleased sound recordings created and performed by

19  Azalea and recorded to her personal computer in or about 2008 have been

20  incorporated into sound recordings of Williams, which he has named "Red Bottoms"

21  and "Supernova" (references to "Red Bottoms" and "Supernova" herein shall refer to

22  Azalea's unnamed and unreleased 2008 sound recordings).

23  21.    Azalea's sound recordings of her performances in "Take My Picture,"

24  "It Ain't Tricking," "U Ain't My Daddy," "Red Bottoms," "Supernova," and "Miss

25  International" are collectively referred to herein as the "Unreleased Masters."

26  22.    The Unreleased Masters were never completed and never approved by

27  Azalea for commercial release. Azalea has never permitted anyone to alter, remix

28  or sample the Unreleased Masters, to synchronize them with video, or otherwise to

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/810440.2                                    5

1    commercially exploit them or her lyrics contained therein.

2                              **The "Iggy Azalea" Mark**

3        23.    On May 20, 2014, the word mark "Iggy Azalea" (hereinafter, the "'Iggy

4    Azalea' Mark") was registered as a Service Mark and Trademark on the Principal

5    Register of the United States Patent and Trademark Office as U.S. Registration No.

6    4,533,974 for Azalea's exclusive use for goods and services including "prerecorded

7    discs, tapes and downloads featuring musical, dramatic and theatrical performances"

8    in International Classes 09, 025 and 041.

9        24.    Azalea has never permitted Defendants or anyone else to use the "Iggy

10   Azalea" Mark in connection with the Unreleased Masters or any work derived

11   therefrom.

12                    **Williams' Theft of Azalea's Computer Files**

13       25.    In or around March 2008, Azalea was 17 years old and living at a hotel

14   in Houston, Texas, while working on her music.

15       26.    In or about March 2008, Williams, a significantly older man, then 33,

16   married with children (unbeknownst to Azalea), insinuated himself into Azalea's

17   trust and confidence, including by driving her between her hotel and a recording

18   studio where she was then working.

19       27.    Williams told Azalea that he was a partner in an oil company and that

20   he owned parcels of vacant real estate in Houston.

21       28.    Azalea is informed and believes and based thereon alleges that the "oil

22   company" Williams was referring to was, in fact, an alleged ownership interest in

23   National Equities Holdings, Inc., a company that has been ordered to pay civil

24   penalties of $3,600,000 for, *inter alia*, operating in a manner akin to a Ponzi

25   scheme.

26       29.    In or about April 2008, Williams induced Azalea to live in his

27   apartment under the pretext that he was furnishing a vacant apartment for her.

28   / / /

30. Thereafter, in or around January 2009, Williams followed Azalea to Atlanta and persuaded her to let him stay in the house she was renting.

31. In or about March 2009, Williams orally informed Azalea, and she thereon believes, that at some time between April 2008 and January 2009, Williams downloaded the entire contents of Azalea's personal computer, including the Unreleased Masters, onto a jump drive without her consent.

### The Forged Recording Agreement

32. In or around  February 2009, in Atlanta, Williams introduced Azalea to Kareem Chapman.

33. Williams informed Azalea that Chapman was an artist manager for musicians, and that Chapman was interested in managing Azalea.

34. In or about February 2009, Williams, Chapman and Azalea went to New York, New York to meet with record company executives.

35. Chapman requested Azalea to sign an artist management agreement as a condition of Chapman's participation in the contemplated meetings.

36. On or about February 16, 2009, Azalea signed a short document that, Chapman informed her, and that based thereon she believed, was an artist management agreement between her and Chapman doing business as "Plug Ent."

37. Williams took Azalea's copy of the signed management agreement and told Azalea that he would keep it safe.  He never returned it to Azalea or gave her a copy of it.

38. Williams then created a cut-and-paste document he entitled "Recording Agreement," altered the signature page from the Plug Ent. artist management agreement to make it look like the signature page to an exclusive music recording and composition agreement between Azalea and a non-existent entity called "Wine Enterprises, inc.," [sic], and attached the altered signature page to the fabricated "Recording Agreement" (the "Forged Agreement").  Attached hereto as **Exhibit "1"** is a true and correct copy of the Forged Agreement.

39.     The Forged Agreement contains tell-tale signs that it is not genuine. For example, it includes mismatched fonts on the signature page; the signature page contains no substantive text; the paragraph numbers are out of sequence; the signature line is for "Wine Enterprises, inc." [sic] rather than, as is customary, for an authorized agent; and it provides, as an address for legal notices, the contact information of an attorney who had no knowledge of the Forged Agreement until Azalea's representatives recently brought it to his attention.

### Defendants' Infringement of Azalea's Intellectual Property

40.     Azalea is informed and believes and based thereon alleges that Defendants created unauthorized derivative works from the Unreleased Masters, including adding instrumentation and/or vocal tracks to the Unreleased Masters and synchronizing the Unreleased Masters in promotional videos featuring an impersonator of Azalea.

41.     On or about July 24, 2014, Defendants published a press release announcing a joint venture among Primco, ESMG, Top Sail and "Wine Enterprises, Inc." (i.e., Williams), claiming that they had "secured the rights" to release an EP by Azalea entitled "Inizio."

42.     In reality, "Inizio" is a bootleg.  It consists of unauthorized works derived from the Unreleased Masters and a purported interview, promoted with EP artwork featuring the "Iggy Azalea" Mark, and Azalea's name and likeness.

43.     On or about August 15, 2014, Azalea's representatives directed Defendants to cease and desist from distributing, promoting or exploiting Azalea's name or likeness, and form releasing "Inizio" and the Unreleased Masters.

44.     On or about August 22, 2014 and August 25, 2014, Primco, ESMG and Topsail sent Azalea correspondence contending, *inter alia*, that Defendants had "full ownership and exploitation rights" to the Unreleased Masters under the Forged Agreement, and contending that any attempt to prevent Defendants' release of that material would be a "tortious interference with our rights."

45.  On or about August 25, 2014, Defendants caused several singles from "Inizio" to be offered for sale, played and/or promoted on websites including Amazon.com, the iTunes Store, the Google Play Store, CD Universe, Pandora, Spotify, Twitter and YouTube, along with the infringing artwork and credits that failed to reveal the illicit source of the Unreleased Masters.

46.  On August 27, 2014, August 28, 2014, September 6, 2014, and September 8, 2014 Azalea, through counsel, and Azalea's record label, Universal Music Group, notified Apple Inc. ("Apple") of the infringement occurring through Apple's iTunes store and demanded that Apple cease selling the infringing material.

47.  On or about August 27, 2014 Azalea and Universal Music Group sent similar cease and desist notices to Amazon, CD Universe, Google Play, Pandora, Spotify, Twitter and YouTube demanding that they remove the infringing material.

48.  On or about September 2, 2014, Defendants issued press releases, including at Primco's website, announcing that "Inizio" would be available for sale on September 30, 2014, and using the "Iggy Azalea" Mark and Azalea's name and likeness to promote the release.

49.  Although many of the major U.S. online retailers contacted by Azalea have ceased distributing the infringing material, Defendants are continuing to promote the forthcoming September 30, 2014 release of "Inizio" and continue to use the "Iggy Azalea" Mark and Azalea's name and likeness to do so.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement Against All Defendants)

50.  Azalea incorporates by reference as if set forth in full herein the allegations of Paragraphs 1 through 49 above.

51.  Azalea is in the process of applying to the Register of Copyrights to register the copyrights in her previously unreleased sound recordings of her original performances of "It Ain't Tricking," "U Ain't My Daddy," "Take My Picture," "Red Bottoms," "Supernova" and "Miss International" and the lyrics therein.

52.     The sound recordings and lyrics of Azalea's performances of "It Ain't Tricking," "U Ain't My Daddy," "Take My Picture," "Red Bottoms," "Supernova" and "Miss International" contain material that is wholly original to their author, Azalea, and is copyrightable subject matter under the Constitution and laws of the United States.

53.     As the owner of the copyrights in the Unreleased Masters and lyrics therein, Azalea secured the exclusive rights under 17 U.S.C. § 106, among others, to prepare derivative works.

54.     Defendants infringed, and are continuing to infringe, upon Azalea's copyrights, including by copying, reproducing, preparing and selling works derived from the Unreleased Masters, and inducing, causing, and contributing to others committing similar violations, including by selling downloads of songs from "Inizio" in the Central District of California.

55.     Azalea did not authorize Defendants to copy, reproduce, prepare derivative works from, perform, or sell the Unreleased Masters and lyrics, as the EP "Inizio," or at all.

56.     Defendants did not seek or obtain any permission, consent, or license from Azalea for the copying, reproduction, preparation of derivative works from, performance, or commercial release of the Unreleased Masters, as "Inizio," or for any other purpose.

57.     Defendants' infringing acts alleged herein were willful, deliberate, and committed with prior notice and knowledge of Azalea's copyrights.  At a minimum, Defendants acted in reckless disregard of Azalea's copyrights.

58.     As a result of their actions, Defendants are liable to Azalea for willful copyright infringement under 17 U.S.C. § 501.  Azalea suffered, and will continue to suffer, substantial damage, including the value of Defendants' unauthorized use, loss of the right to control her work, loss of the right to keep the Unreleased Masters unpublished, and other losses, in an amount not yet ascertained, but which will be

1 | determined according to proof.

2 |     59.    In addition to Azalea's actual damages, Azalea is entitled to receive all
3 | profits made by Defendants from their wrongful acts, pursuant to 17 U.S.C. § 504;
4 | and an accounting of and constructive trust overall revenues that Defendants have
5 | received as a result of their wrongful acts.

6 |     60.    In the alternative, Azalea is entitled to statutory damages pursuant to 17
7 | U.S.C. § 504(c), which should be enhanced by 17 U.S.C. § 504(c)(2) because of
8 | Defendants' willful copyright infringement.

9 |     61.    Defendants' acts complained of herein have damaged, and will
10 | irreparably damage, Azalea. Azalea has no adequate remedy at law for certain of
11 | these wrongs and injuries in that (i) Azalea's copyrights are unique and valuable
12 | properties which have no readily determinable market value; (ii) the infringements
13 | by Defendants constitute deprivations of Azalea's exclusive right to decline to
14 | release her copyrighted performances altogether, and to decline permission for the
15 | creation of derivative works; and (iii) Defendants' wrongful conduct, and the
16 | damages resulting to Azalea therefrom, is continuing.

17 |     62.    Defendants' acts of copyright infringement have caused Azalea
18 | irreparable injury and Defendants threaten to continue to commit these acts.

19 |     63.    Accordingly, Azalea is entitled to temporary, preliminary and
20 | permanent injunctive relief pursuant to 17 U.S.C. § 502 restraining and enjoining
21 | Defendants and their agents, servants and employees, and all persons acting
22 | thereunder, in concert therewith or on their behalf, from using, copying, selling,
23 | performing, or otherwise exploiting the Unreleased Masters, Azalea's lyrics, or any
24 | works derived therefrom, including but not limited to "Inizio" and any singles
25 | therefrom, and synchronizations with videos.

26 |     64.    Azalea is entitled to an order under 17 U.S.C. § 503 that any of
27 | Defendants' infringing products be impounded and destroyed.

28 | / / /

1    65.    Azalea is also entitled to recover her attorneys' fees and costs of suit

2    pursuant to 17 U.S.C. § 505.

3    **SECOND CLAIM FOR RELIEF**

4    **(Declaratory Judgment Against All Defendants)**

5    66.    Azalea incorporates by reference as if set forth in full herein the

6    allegations of Paragraphs 1 through 65 above.

7    67.    An actual and justiciable controversy has arisen and now exists

8    between Azalea and Defendants concerning their respective rights to the copyrights

9    in the Unreleased Masters and Azalea's lyrics, the use of the "Iggy Azalea" Mark,

10   and the right to control commercial uses of Azalea's name and likeness.

11   68.    Azalea desires a judicial determination and declaration of the parties'

12   respective rights to copyrights in the Unreleased Masters, Azalea's lyrics, the "Iggy

13   Azalea" Mark, and commercial uses of Azalea's name and likeness.

14   69.    A judicial declaration of the parties' respective rights and obligations

15   with respect to the foregoing disputed matters is necessary and appropriate.

16   **THIRD CLAIM FOR RELIEF**

17   **(Violation of California Civil Code § 3344**

18   **Against All Defendants)**

19   70.    Azalea realleges and incorporates by reference Paragraphs 1 through

20   69, inclusive above, as though fully set forth.

21   71.    Defendants are and at all relevant times have been knowingly using

22   Azalea's name, voice, photograph and likeness for their commercial advantage on

23   and in connection with "Inizio," and in promoting themselves, their publicly traded

24   stock, and their other goods and services, without Azalea's permission or consent,

25   72.    There is a direct connection between Defendants' unauthorized use of

26   Azalea's name, voice, photograph and likeness and Defendants' commercial purpose

27   in promoting sales of "Inizio," as well as in promoting Defendants' business and

28   their sales of other goods and services.

73.     Azalea has been damaged and will continue to be damaged by Defendants' unauthorized use of her name, voice, photograph and likeness in an amount according to proof, including statutory damages under California Civil Code § 3344, as applicable, or Azalea's actual damages, whichever are greater, plus Defendants' profits from their unauthorized use of Azalea's name, voice, photograph and likeness.

74.     Defendants acted with willful and conscious disregard of Azalea's rights and interests, with the intent to benefit Defendants, and each of them, and with the intent to defraud Azalea and deprive her of her rights, thereby entitling Azalea to an award of punitive damages against Defendants in order to punish Defendants and to deter similar misconduct in the future.

## FOURTH CLAIM FOR RELIEF

### (Misappropriation of Common Law Right of Publicity

### Against All Defendants)

75.     Azalea realleges and incorporates by reference Paragraphs 1 through 74, inclusive above, as though fully set forth.

76.     Defendants have used, and continue to use, Azalea's name, voice, photograph and likeness to market, advertise, and promote themselves, their stock, and their infringing sales of "Inizio," including on the their website, primcousa.com.

77.     Azalea did not consent in writing, or otherwise, to Defendants' use of her name, voice, photograph or likeness in connection with "Inizio," on Defendants' website, or at all.

78.     Defendants knowingly used Azalea's name, voice, photograph and likeness on their website and in connection with sales of "Inizio" without her consent and for their commercial advantage.

79.     As a direct and proximate result of Defendants' wrongful conduct, Azalea has been damaged in an amount subject to proof at trial.

/ / /

1   80.   Defendants' unauthorized use of Azalea's name, voice, photograph and

2   likeness is a misappropriation of Azalea's rights of publicity under common law

3   entitling Azalea to injunctive relief to prevent and restrain any further unauthorized

4   uses of her name, voice, photograph and likeness by Defendants, Azalea's actual

5   damages, and punitive or exemplary damages.

6   ## FIFTH CLAIM FOR RELIEF

7   ### (Trademark Infringement – Lanham Act §§ 1114(1) and 1125(a)

8   ### Against All Defendants)

9   81.   Azalea realleges and incorporates by reference Paragraphs 1 through

10   80, inclusive above, as though fully set forth.

11   82.   Without Azalea's permission or consent, Defendants have engaged in

12   the unauthorized use in commerce of reproductions, counterfeits, copies and/or

13   imitations of the "Iggy Azalea" Mark in connection with Defendants' advertising,

14   distribution, offering for sale, and sales of "Inizio" and in their promotion of their

15   business, their stock, and other goods and services.

16   83.   Defendants' unauthorized use of the "Iggy Azalea" Mark in commerce

17   on and in connection with "Inizio" and in promotion of themselves and their other

18   goods and services, is and was likely to cause confusion, or to cause mistake, or to

19   deceive the public, as described above, in violation of the Lanham Act, 15 U.S.C. §

20   1114(1).

21   84.   Defendants have committed these acts with the knowledge and intent

22   that their use of the "Iggy Azalea" Mark would cause confusion, deception, or

23   mistake.

24   85.   As a direct and proximate result of Defendants' willful infringing

25   conduct as described above, Azalea has been damaged and will continue to be

26   damaged in amounts to be proven at trial.

27   86.   Defendants' infringing conduct entitles Azalea to recover her actual

28   damages, trebled, together with Defendants' profits.

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/810440.2                                        14

87.     Defendants' acts have damaged, and will irreparably damage, Azalea. Azalea has no adequate remedy at law for certain of these wrongs and injuries. The damage to Azalea includes harm to her goodwill and reputation, and the loss of control over the "Iggy Azalea" Mark as an indicator of her artistic output, that money damages cannot compensate.

88.     Azalea is entitled to a temporary, preliminary and permanent injunctive relief under 15 U.S.C.§ 1116 restraining and enjoining Defendants and their agents, servants and employees, and all person acting thereunder, in concert therewith or on their behalf, from using the "Iggy Azalea" Mark in connection with the sale, offering for sale or advertising goods or services, or in any manner likely to cause confusion, mistake or to deceive the trade or public as to the source or origin of Defendants' goods and services.

89.     Azalea also requests an order pursuant to 15 U.S.C. § 1116 ordering Defendants to file with the Court and serve a report in writing under oath stating in detail the manner in which Defendants have complied with the injunction.

90.     Because this is an exceptional case, Azalea is entitled to recover her attorneys' fees along with the costs of this action under 15 U.S.C. § 1117(a).

## SIXTH CLAIM FOR RELIEF

### (Trademark Dilution -- Lanham Act, 15 U.S.C. § 1125(c)

### Against All Defendants)

91.     Azalea realleges and incorporates by reference Paragraphs 1 through 90, inclusive above, as though fully set forth.

92.     The "Iggy Azalea" Mark is a famous and extremely recognizable and distinctive mark used in interstate commerce in the United States.  Defendants began selling "Inizio" after the "Iggy Azalea" Mark was famous.

93.     Defendants' use of the "Izzy Azalea" Mark on and in connection with "Inizio," and in their promotion of their business, stock and other goods and services, has, and is likely to, dilute and detract from the distinctiveness of the "Iggy

1 Azalea" Mark with resulting damage to Azalea and to the substantial business and
2 goodwill symbolized by the "Iggy Azalea" Mark.

3      94.    Defendants' conduct in marketing, distributing, and selling "Inizio,"
4 and in their promotion of their business, stock and other goods and services, is and
5 was willfully intended to trade on Azalea's reputation or to cause dilution of the
6 "Iggy Azalea" Mark and willfully intended to damage the reputation of the "Iggy
7 Azalea" Mark.

8      95.    Azalea is entitled to an award of damages from Defendants under 15
9 U.S.C. § 1125(c)(2), trebled, under 15 U.S.C. § 1117(a).

10      96.    Defendants' acts have damaged, and will irreparably damage, Azalea.
11 Azalea has no adequate remedy at law for certain of these wrongs and injuries. The
12 damage to Azalea includes harm to her goodwill and reputation, through the false
13 association of the "Iggy Azalea" Mark with inferior goods and services, that money
14 damages cannot compensate.

15      97.    Azalea is entitled to temporary, preliminary and permanent injunctive
16 relief under 15 U.S.C.§ 1125(c)(1) and (5) restraining and enjoining Defendants and
17 their agents, servants and employees, and all person acting thereunder, in concert
18 therewith or on their behalf, from using the "Iggy Azalea" Mark in connection with
19 the sale, offering for sale, or advertising goods or services, or in any manner likely
20 to dilute and detract from the distinctiveness of the "Iggy Azalea" Mark through
21 blurring or tarnishment.

22      98.    Because this is an exceptional case, Azalea is entitled to recover her
23 attorneys' fees along with the costs of this action under 15 U.S.C. § 1117(a).

24 **SEVENTH CLAIM FOR RELIEF**

25 **(Unfair Competition, California Bus.& Prof. Code § 17200 _et seq._,**

26 **Against All Defendants)**

27      99.    Azalea realleges and incorporates by reference Paragraphs 1 through
28 98, inclusive above, as though fully set forth.

1    100.   Defendants' forgery of Azalea's name on the signature page of a

2    contract violates, *inter alia*, California Penal Code § 470.

3    101.   Defendants' failure to disclose the illicit origin of "Inizio" violates,

4    *inter alia*, California Penal Code § 653w.

5    102.   Defendants' use of Azalea's name, voice, photograph and likeness to

6    promote the sale of "Inizio" are violations of California Civil Code § 3344.

7    103.   Defendants' wrongful acts described herein constitute unlawful, unfair,

8    and fraudulent business practices and misleading advertising under California

9    Business &Professions Code § 17200 *et seq.*

10   104.   Azalea has been damaged and will continue to be damaged by

11   Defendants' unlawful, unfair, and fraudulent business practices and misleading

12   advertising, as described above.

13   105.   Azalea is entitled to temporary, preliminary and permanent injunctive

14   relief injunction under California Business & Professions Code § 17203 prohibiting

15   Defendants from continuing the practices described above, and to restitution of all

16   amounts acquired by Defendants by means of their acts of unfair competition.

17   **EIGHTH CLAIM FOR RELIEF**

18   **(Rescission and Restitution Against All Defendants)**

19   106.   Azalea realleges and incorporate by reference Paragraphs 1 through

20   105, inclusive above, as though fully set forth.

21   107.   Azalea did not knowingly execute the Forged Agreement.

22   108.   The Forged Agreement is unlawful and unenforceable by reason of

23   being a forged instrument to which Azalea's signature page from another agreement

24   was altered and attached through the fault of Defendants and without the knowledge

25   of and through no fault of Azalea.

26   109.   Even if the Court were to find that Azalea executed the Forged

27   Agreement, it would be subject to rescission and she would be entitled to restitution

28   of all benefits allegedly conferred by her thereunder.

110.   If it were found that Azalea executed the Forged Agreement, Azalea would be entitled to rescission and restitution, because Williams obtained her signature by fraud, her unilateral mistake known to him, duress, menace, and/or undue influence, of which the other Defendants have at all times material herein been aware.

111.   The Forged Agreement, if Azalea had signed it knowingly, also would be subject to rescission, and Azalea also would be entitled to restitution of all benefits conferred to defendants thereunder, because the Forged Agreement is substantively and procedurally unconscionable.

112.   The purported terms of the Forged Agreement are so unfair as to be unconscionable because they fail to provide consideration to Azalea remotely consistent with industry custom and practice or the value of her services, and purport to confer rights on Defendants that are equally unconscionable as to Azalea.

113.   The purported Forged Agreement is procedurally unconscionable because, in addition to being a forgery, Williams held undue influence over Azalea through threats and other misconduct and prevented Azalea, who was eighteen as of the purported date of the Forged Agreement, from reviewing the terms of the Forged Agreement or obtaining independent advice as to those terms.

114.   Azalea is entitled to an order rescinding, extinguishing, and otherwise declaring void *ab initio* the Forged Agreement and restoring any rights purportedly acquired thereunder to Azalea.

## NINTH CLAIM FOR RELIEF

### (Conversion Against All Defendants)

115.   Azalea realleges and incorporates by reference Paragraphs 1 through 114, above, as though fully set forth.

116.   Williams' theft of digital information on Azalea's computer, including the Unreleased Masters, constitutes conversion.

/ / /

117.   Azalea is informed and believes and based thereon alleges that Primco, ESMG and Topsail entered into their joint venture with Williams, took possession of the Unreleased Masters, created or assisted in the creation of derivative works based on the Unreleased Masters, and planned and arranged to release those derivative works, with knowledge that Williams had converted the Unreleased Masters from Azalea.

118.   Defendants acted with willful and conscious disregard of Azalea's rights and interests, with the intent to benefit Defendants, and each of them, and with the intent to defraud Azalea and deprive her of her rights, thereby entitling Azalea to an award of punitive damages against Defendants in order to punish Defendants and to deter similar misconduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Azalea prays for judgment, as follows:

A.     For compensatory damages, plus interest at the legal rate;

B.     For disgorgement of any and all profits attributable to Defendants' infringements of Azalea's intellectual property and violations of her rights, including, without limitation, the value of all gains, profits, advantages benefits, and consideration derived by Defendants from and as a result of their infringement of Azalea's copyrights in the Unreleased Masters and lyrics therein and the "Iggy Azalea" Mark, their violation of her statutory and common law publicity rights, and their conversion of her property;

C.     For statutory damages for each and every copyright infringement with respect to the Unreleased Masters and lyrics therein, enhanced for willfulness under 17 U.S.C.§ 504(c)(2);

D.     For rescission of the Forged Agreement and restitution to Azalea of all rights, benefits and property purportedly conveyed from Azalea to Defendants, or any of them, thereunder;

/ / /

1      E.    That Defendants and each of their respective officers, agents,

2 employees, and attorneys, and all persons acting on behalf or in concert with them,

3 be enjoined temporarily, preliminarily and permanently from infringing Azalea's

4 copyrights in the Unreleased Masters and lyrics therein in any manner, including,

5 but not limited to, manufacturing, distributing, marketing, promoting or selling the

6 Unreleased Masters and derivative works incorporating the Unreleased Masters,

7 including but not limited to "Inizio" and any associated singles and promotional

8 videos; from using the "Iggy Azalea" Mark or any confusingly similar mark in

9 connection with "Inizio" or any other goods or services; and from using Azalea's

10 name, voice, photograph or likeness to promote Defendants' business, goods or

11 services;

12      F.    For a pre-and post-judgment order pursuant to 15 U.S.C. §§ 503 and

13 509 mandating the impounding of all infringing products;

14      G.    For a declaration that Azalea is the sole owner of the copyrights in and

15 to the Unreleased Masters and lyrics therein and that the Forged Agreement is void

16 *ab initio*;

17      H.    For judgment that Defendants have been and are involuntary

18 constructive trustees for Azalea's benefit, holding the gross receipts from their

19 exploitation of any works embodying the Unreleased Masters, or use of the "Iggy

20 Azalea" Mark or commercial use of Azalea's name, voice, photograph and likeness,

21 and any profits derived therefrom, on behalf of and subject to a first and prior lien in

22 favor of Azalea;

23      I.    Requiring Defendants to account for and pay over to Azalea all gains

24 and profits derived by Defendants from or attributable to production, licensing,

25 distribution, sale or other exploitation of the Unreleased Masters or any derivative

26 works, the "Iggy Azalea" Mark, or Azalea's name and likeness;

27      J.    For treble damages for Defendants' unauthorized use of the "Iggy

28 Azalea" Mark, under 15 U.S.C. § 1117(a);

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/810440.2                                20

1    K.     For punitive damages;

2    L.     For costs and attorney fees incurred herein; and

3    M.     For such other and further relief as the Court deems just and proper.

4

5  DATED:  September 17, 2014    KING, HOLMES, PATERNO & BERLINER, LLP

6

7                                          By:  _____

8                                                    HOWARD E. KING
                                                   STEPHEN D. ROTHSCHILD
9                                          Attorneys for Plaintiff AMEYTHYST KELLY,
                                           professionally known as IGGY AZALEA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## DEMAND FOR JURY TRIAL

2

3    Azalea hereby demands a jury trial as provided by Rule 38(a) of the Federal

4    Rules of Civil Procedure.

5

6    DATED:  September 17, 2014    KING, HOLMES, PATERNO & BERLINER, LLP

7

8

9                                        By:    _____/s/_____

10                                              HOWARD E. KING
                                               STEPHEN D. ROTHSCHILD
11                                        Attorneys for Plaintiff AMEYTHYST KELLY,
                                          professionally known as IGGY AZALEA
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/810440.2