1  KING, HOLMES, PATERNO & BERLINER, LLP
   HOWARD E. KING, ESQ., STATE BAR NO. 77012
2  KING@KHPBLAW.COM
   STEPHEN D. ROTHSCHILD, ESQ., STATE BAR NO. 132514
3  ROTHSCHILD@KHPBLAW.COM
   1900 AVENUE OF THE STARS, 25TH FLOOR
4  LOS ANGELES, CALIFORNIA 90067-4506
   TELEPHONE: (310) 282-8989
5  FACSIMILE:  (310) 282-8903

6  Attorneys for Plaintiff AMETHYST
   KELLY, professionally known as
7  IGGY AZALEA

8                UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 AMETHYST KELLY, professionally          CASE NO. CV-14-7263-BRO-SH
   known as IGGY AZALEA,                   Hon. Beverly Reid O'Connell
12
                    Plaintiff,             **NOTICE OF MOTION AND**
13                                         **MOTION FOR A FORMAL**
        vs.                                **DECREE *PRO CONFESSO***
14                                         **AGAINST DEFENDANTS PRIMCO**
   PRIMCO MANAGEMENT, INC., et             **MANAGEMENT, INC., ESMG INC.**
15 al.,                                    **AND TOP SAIL PRODUCTIONS,**
                                           **LLC OR, IN THE ALTERNATIVE,**
16                  Defendants.            **FOR LEAVE TO FILE MOTION**
                                           **FOR DEFAULT JUDGMENT;**
17                                         **MEMORANDUM OF POINTS AND**
                                           **AUTHORITIES IN SUPPORT**
18                                         **THEREOF; DECLARATION OF**
                                           **STEPHEN D. ROTHSCHILD;**
19                                         **[Proposed] ORDER**

20                                         **[Filed in Response to October 27,**
                                           **2014 Order re: Default]**
21
                                           Date:    January 5, 2015
22                                         Time:    1:30 p.m.
                                           Ctrm:    14
23
                                           Action Filed:   September 17, 2014
24                                         Trial Date:     None

25
        TO THE ABOVE-ENTITLED COURT AND TO ALL PARTIES AND
26
   THEIR COUNSEL:
27
        PLEASE TAKE NOTICE that, on January 5, 2015 or as soon thereafter as the
28

4420.060/828821.1

1 matter may be heard in Courtroom 14 of the above-entitled court, the Honorable

2 Beverly Reid O'Connell presiding, plaintiff Amethyst Kelly ("plaintiff"), in

3 response to the Court's October 27, 2014 Order Re Default (Document 16), will and

4 hereby does move for a formal decree *pro confesso* against defendants Primco

5 Management, Inc., ESMG Inc., and Top Sail Productions, LLC (collectively, the

6 "Primco defendants").

7        The grounds for the motion are that

8        (1) on October 24, 2014, the Clerk entered default as to the Primco defendants

9 and ordered plaintiff to file and serve a motion for default judgment no later than

10 November 24, 2014;

11        (2) plaintiff's claims against the Primco defendants rest on the same legal

12 theories as her claims against defendants Maurice Williams, etc. and James

13 McMillan, etc., who are not in default; and

14        (3) in accordance with *Frow v. De La Vega*, 82 U.S. 552, 553, 15 Wall. 552,

15 21 L.Ed. 60 (1872) and its progeny, including *Westchester Fire Ins. Co. v. Mendez,*

16 585 F.3d 1183, 1189 (9th Cir. 2009), the proper procedure when claims against a

17 defendant in default rest on the same legal theories as claims against a defendant not

18 in default is to (a) enter a formal decree *pro confesso* against the defaulting

19 defendant, whereby the defaulting defendant is formally decreed to have admitted

20 plaintiff's allegations against it, and (b) defer entry of judgment against the

21 defendant in default pending a determination of plaintiff's claims as against any

22 similarly situated defendants who are not in default.

23        In the alternative, plaintiff seeks leave to file a motion for default judgment

24 against the Primco defendants after the deadline set in this Court's October 27, 2014

25 order.

26        This motion is based on this notice; the memorandum of points and

27 / / /

28 / / /

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/828821.1                             2

1  authorities, Declaration of Stephen D. Rothschild, and exhibit thereto; the Court's

2  file herein; and on such other matter as may be presented at the hearing on the

3  motion.

4  DATED:  November 24, 2014          KING, HOLMES, PATERNO &
                                       BERLINER, LLP
5

6

7                                      By:  _____/s/_____

8                                           HOWARD E. KING
                                            STEPHEN D. ROTHSCHILD
9                                      Attorneys for Plaintiff AMETHYST KELLY,
10                                     professionally known as IGGY AZALEA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

On October 24, 2014, the Clerk of this Court entered the defaults of defendants Primco Management, Inc. ("Primco"), ESMG Inc. ("ESMG"), and Top Sail Productions, LLC ("Top Sail") (collectively, the "Primco defendants"). (Document 15.)

On October 27, 2014, this Court issued an Order re Default ordering plaintiff Amethyst Kelly ("plaintiff") to file and serve a motion for default judgment against the Primco defendants (Document 16.)

The instant motion seeks a formal decree *pro confesso* deeming the Primco defendants to have admitted the allegations in the complaint, because a default judgment would be premature.

When plaintiff's claims against a defendant in default and against a non-defaulting defendant rest on the same theories, the proper procedure is to enter a formal decree *pro confesso* against the defendant in default, and to defer entry of judgment until plaintiff obtains judgment against the non-defaulting defendant.  The reason for the rule is that it would be incongruous to issue a judgment against a defaulting defendant when there is a chance (however slim) that an answering defendant might prevail on the merits.

The gravamen of plaintiff's claims against the Primco defendants, who are in default, and against defendants Maurice Williams ("Williams") and James McMillan ("McMillan"), who are not in default, is the same: that defendants seek to exploit intellectual property stolen from plaintiff, and that the purported agreement under which they claim the right to exploit the stolen intellectual property is a forgery.

Accordingly, this Court should enter the requested decree.  However, if the Court determines that it is appropriate at this time to enter judgment against the Primco defendants subject to plaintiff's satisfaction of the requirements for entry of

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/828821.1

4

1 a default judgment, plaintiff respectfully requests the opportunity to move for a

2 default judgment within a reasonable time after the denial of the instant motion.

3 **II.    STATEMENT OF FACTS**

4     **A.    Procedural History of the Action**

5     Plaintiff filed her complaint on September 17, 2014.  (Document 7-1.)[1]  The

6 complaint alleges claims for relief for copyright infringement, declaratory judgment,

7 violation of California Civil Code section 3344, misappropriation of common law

8 right of publicity, trademark infringement, trademark dilution, violation of

9 California Business and Professions Code sections 17200 *et seq.*, rescission and

10 restitution, and conversion.

11     Plaintiff served the summons and complaint on Primco on September 22,

12 2014, ESMG on September 19, 2014, and Top Sail on September 19, 2014.

13 (Documents 11-13.)  None of the Primco defendants responded to the complaint.

14 Therefore, on October 20, 2014, plaintiff filed a request for entry of default against

15 the Primco defendants.  (Document 14.)  The Clerk entered the Primco defendants'

16 defaults on October 24, 2014.  On October 27, 2014, this Court ordered plaintiff to

17 file a motion for default judgment no later than November 24, 2014.  (Document

18 16.)

19     On October 30, 2014, plaintiff filed her first amended complaint (Document

20 18.)  The purpose of the amendment was to add as a defendant James McMillan.

21 The amendment did not change any claims or allegations against the Primco

22 defendants.

23     Counsel for Williams has agreed to respond to the FAC on December 4, 2014.

24 (Document 21, Declaration of Stephen D. Rothschild re: Defendant Maurice

25 _____

26 [1] Plaintiff inadvertently omitted the exhibits to the complaint when it was initially
filed.  Plaintiff filed a notice of errata correcting that error on September 17, 2014.

27 (Document 7.)  References to the complaint in this memorandum are to the complete
version attached to the notice of errata.

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

1    Williams' Time to Respond to First Amended Complaint, Exs. 1 and 2.)  Counsel

2    for McMillan has agreed to timely return an executed acknowledgement of receipt

3    of the FAC and to respond to the FAC on McMillan's behalf.  (Declaration of

4    Stephen D. Rothschild attached hereto, Ex. 1.)

5    **B.    Factual Background**

6    Plaintiff is a recording artist.  (Document 7-1, Complaint, ¶ 7.)  Plaintiff also

7    is the owner of the registered word mark in her stage name, "Iggy Azalea" (the

8    "Mark").  (*Id.*, ¶ 23.)  Sometime between April 2008 and January 2009, Williams

9    stole the contents of plaintiff's computer, including certain of plaintiff's unreleased

10   and unfinished sound recordings (the "Unreleased Masters").  (*Id.*, ¶¶ 31.)

11   Sometime thereafter Williams forged a recording agreement purporting to

12   grant him rights in plaintiff's intellectual property, including the Unreleased

13   Masters, the Mark, and plaintiff's name and likeness (the "Forged Agreement").

14   (*Id.*, ¶¶ 35-39.)

15   On or about July 24, 2014, Williams and the Primco defendants published a

16   press release announcing a joint venture among them and claiming that they had

17   "secured the rights" to release sound recordings derived from the Unreleased

18   Masters pursuant to the Forged Agreement.  (*Id.*, ¶¶ 41-44.)  On August 25, 2014,

19   Williams and the Primco defendants began distributing and selling to the public

20   recordings incorporating the Unreleased Masters, and announced that they were

21   going to release more of plaintiff's Unreleased Masters.  (*Id.*, ¶¶ 45-49.)

22   After filing the complaint, plaintiff learned that Williams had purported to

23   grant to McMillan exactly the same rights he granted to the Primco defendants.

24   Accordingly, plaintiff's first amended complaint (the "FAC") added McMillan as a

25   defendant to the action.  (Document 18, ¶¶ 53-56.)  The addition of McMillan as a

26   defendant did not add, delete, or modify any of plaintiff's allegations against the

27   Primco defendants in the Complaint.

28   Thus, the theories of plaintiff's claims against the Primco defendants,

KING, HOLMES,
PATERNO &
BERLINER, LLP

1  Williams and McMillan are the same: that they have no rights to plaintiff's

2  Unreleased Masters, Mark, name or likeness because Williams stole the Unreleased

3  Masters and forged the Forged Agreement based upon which all of the defendants

4  have claimed the right to exploit plaintiff's intellectual property and publicity rights.

5  **III.     BECAUSE THE THEORY OF PLAINTIFF'S CLAIMS REMAINS TO
   BE LITIGATED AGAINST THE NON-DEFAULTING DEFENDANTS,
6  THIS COURT SHOULD ENTER A DECREE *PRO CONFESSO*
   DEEMING THE PRIMCO DEFENDANTS TO HAVE CONFESSED
7  THE TRUTH OF THE ALLEGATIONS IN THE COMPLAINT**

8         In *Westchester Fire Ins. Co. v. Mendez,* 585 F.3d 1183, 1189 (9th Cir. 2009)

9  the court, quoting the Supreme Court's opinion in *Frow v. De La Vega,* 15 Wall.

10  552, 82 U.S. 552, 554, 21 L.Ed. 60 (1872), held as follows:

11          It has long been established that, where there are several
            defendants, the transgressions of one defaulting party
12          should not ordinarily lead to the entry of a final judgment,
            let alone a judgment fatal to the interests of other parties.

13          As the Supreme Court stated more than a century ago:

14                  The true mode of proceeding where a bill makes a
15          joint charge against several defendants, and one of them
            makes default, is simply to enter a default and a formal
16          decree *pro confesso* against him, and proceed with the
            cause upon the answers of the other defendants.... But if
17          the suit should be decided against the complainant on the
            merits, the bill will be dismissed as to all the defendants
18          alike—the defaulter as well as the others. If it be decided
            in the complainant's favor, he will then be entitled to a
19          final decree against all.

20          *Frow v. De La Vega,* 15 Wall. 552, 82 U.S. 552, 554, 21
            L.Ed. 60 (1872).

21         The court explained the *Frow* rule in more depth in *In re First T.D. & Inv.,*
22  *Inc.* 253 F.3d 520, 532-533 (9th Cir. 2001), as follows:

23          The leading case on the subject of default judgments in
24          actions involving multiple defendants is *Frow v. De La
            Vega, 15 Wall*. 552, 82 U.S. 552, 21 L.Ed. 60 (1872). The
25          Court held in *Frow* that, where a complaint alleges that
            defendants are jointly liable and one of them defaults,
26          judgment should not be entered against the defaulting
            defendant until the matter has been adjudicated with
27          regard to all defendants.  *Id.* at 554. It follows that if an
            action against the answering defendants is decided in their
28          favor, then the action should be dismissed against both

answering and defaulting defendants. *Id.*

The Eleventh Circuit has extended the rule in *Frow* to apply to defendants who are similarly situated, even if not jointly and severally liable. See *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir.1984); accord 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane et al., Federal Practice and Procedure § 2690, (3d ed.1998). The plaintiff in *Gulf Coast* was a distributor of ceiling fans that filed a lawsuit for breach of contract against both the U.S.-based importer and the Hong Kong-based exporter with which it did business. 740 F.2d at 1505. The plaintiff had obtained a default judgment against the exporter but lost at trial against the importer, when the jury found that it was the plaintiff who had breached the contract. Id. at 1505–06. The court noted that, under *Frow*, the plaintiff would not have been able to obtain a default judgment against the exporter had it claimed that the importer and exporter were jointly liable. Id. at 1512. Although defendants were not jointly liable, the court vacated the default judgment against the exporter because "[i]t would be incongruous and unfair to allow [the plaintiff] to collect a half million dollars from [the defaulting defendant] on a contract that a jury found was breached by [the plaintiff]." *Id*.

It would likewise be incongruous and unfair to allow the Trustee to prevail against Defaulting Defendants on a legal theory rejected by the bankruptcy court with regard to the Answering Defendants in the same action. The bankruptcy court justified the conflicting outcomes on the basis that FTD and Defendants were involved in many individual transactions, not simply one transaction with many parties. Nevertheless, each transaction between FTD and Defendants followed an identical pattern with almost identical legal documents. The Trustee filed a single complaint against all 132 investors. More importantly, the central legal issue concerning each transaction was the same. A result in which the bankruptcy court finds § 10233.2 applies to certain Defendants and not to others is both incongruous and unfair. We therefore hold that the bankruptcy court violated the Frow principle and abused its discretion by entering final default judgments, pursuant to Fed.R.Civ.P. 54(b), that directly contradicted its earlier ruling in the same action.

(Footnotes omitted.)

See also, e.g., *Shanghai Automation Instrument Co., Ltd. v. Kuei* 194 F.Supp.2d 995 (N.D.CA.2001) ("[w]here Frow applies, it would be an abuse of discretion to enter a default judgment against some but not all defendants prior to adjudication of the claims against answering defendants").

1    In the case at bar, the Primco defendants' liability depends on whether

2   Williams stole the Unreleased Masters and/or forged the Forged Agreement.  Those

3   issues remain to be litigated against Williams and McMillan, unless they also

4   default.  Accordingly, although plaintiff certainly would prefer to obtain a default

5   judgment against the Primco defendants, plaintiff believes this Court must adhere to

6   the *Frow* rule and enter a formal decree *pro confesso* against the Primco defendants.

7   **IV.    CONCLUSION**

8    For each of the foregoing reasons, plaintiff respectfully requests that this

9   Court enter the requested decree.  In the alternative, should this Court find that

10  plaintiff's interpretation of the *Frow* rule is incorrect, plaintiff requests an

11  opportunity to move for default judgments against the Primco defendants.

12  DATED:  November 24, 2014        KING, HOLMES, PATERNO &
                                     BERLINER, LLP
13

14

15
                                     By: _____/s/_____
16
                                            HOWARD E. KING
17                                          STEPHEN D. ROTHSCHILD
                                     Attorneys for Plaintiff AMETHYST KELLY,
18                                   professionally known as IGGY AZALEA

19

20

21

22

23

24

25

26

27

28

KING, HOLMES,
PATERNO &
BERLINER, LLP

**1**  **DECLARATION OF STEPHEN D. ROTHSCHILD**

**2**  I, Stephen D. Rothschild, declare:

**3**  1.    I am an attorney licensed to practice before all of the courts of this

**4**  State and admitted to practice before this Court, and am a partner of King, Holmes,

**5**  Paterno & Berliner, LLP, attorneys for plaintiff Amethyst Kelly herein.  I have

**6**  personal knowledge of the matters below and could and would testify competently

**7**  to them if asked.

**8**  2.    Attached hereto as Exhibit 1 is a true and correct copy of a

**9**  November 21, 2014 email that I received from Joseph E. Porter III, Esq., counsel for

**10**  defendant James McMillan, in which Mr. Porter confirmed that he will be timely

**11**  executing and returning to me an acknowledgement of receipt of the summons and

**12**  first amended complaint on behalf of his client.

**13**  3.    Attached hereto as Exhibit 2 is a copy of plaintiff's proposed order on

**14**  the instant motion.

**15**  I declare under penalty of perjury under the laws of the United States of

**16**  America that the foregoing is true and correct.  Executed on November 24, 2014 at

**17**  Los Angeles, California.

**18**  /s/

**19**  Stephen D. Rothschild

**20**

**21**

**22**

**23**

**24**

**25**

**26**

**27**

**28**

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/828821.1                                      10

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Los Angeles, State of California.  My business address is 1900 Avenue of the Stars, Twenty-Fifth Floor, Los Angeles, CA 90067-4506.

On November 24, 2014, I served true copies of the following document(s) described as **NOTICE OF MOTION AND MOTION FOR A FORMAL DECREE *PRO CONFESSO* AGAINST DEFENDANTS PRIMCO MANAGEMENT, INC., ESMG INC. AND TOP SAIL PRODUCTIONS, LLC OR, IN THE ALTERNATIVE, FOR LEAVE TO FILE MOTION FOR DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF STEPHEN D. ROTHSCHILD; [Proposed] ORDER** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

**BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with King, Holmes, Paterno & Berliner, LLP's practice for collecting and processing correspondence for mailing.  On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 24, 2014, at Los Angeles, California.

Yvette T. Toko

4420.060/828821.1

**SERVICE LIST**
*Amethyst Kelly p/k/a Iggy Azalea, v. Primco Management, Inc., et al.*
**U.S.D.C. Case No.: CV-14-7263-BRO-SH**

| | |
|---|---|
| Primco Management, Inc. c/o<br>VCORP Services, LLC<br>18111 Silverside Road<br>Wilmington. Delaware 19810 | *Registered Agent for Defendant*<br>*PRIMCO MANAGEMENT, INC.* |
| ESMG Inc. c/o<br>Cayla Denney<br>2215-B Renaissance Drive<br>Las Vegas. California 89119 | *Registered Agent for Defendant ESMG*<br>*INC.* |
| Top Sail Productions, LLC c/o<br>Alan J. Bailey<br>5 Clear Vista Drive<br>Rolling Hills Estates. California 90274 | *Registered Agent for Defendant TOP*<br>*SAIL PRODUCTIONS, LLC* |
| Christopher P. Flannery, Esq.<br>4 Hillman Drive, Suite 104<br>Chadds Ford, Pennsylvania 19317<br>Tel:    610-361-8016<br>Fax:    610-558-4882<br>Email: cpflannerylaw@gmail.com | *Attorney for Defendants PRIMCO*<br>*MANAGEMENT, INC., ESMG INC., and*<br>*TOP SAIL PRODUCTIONS, LLC* |
| Maurice Williams<br>206 Fleetway Drive<br>Houston, Texas 77024 | *Defendant* |
| David Showalter, Esq.<br>Showalter Law Firm<br>1117 FM 359 Road, Suite 200<br>Richmond , Texas 77406<br>Tel:    (281) 341-5577<br>Fax:    (281) 762-6872<br>Email: david@showalterlaw.com | *Attorneys for Defendants MAURICE*<br>*WILLIAMS, PRIMCO MANAGEMENT,*<br>*INC., ESMG INC., and TOP SAIL*<br>*PRODUCTIONS, LLC* |
| Joseph E. Porter, III, Esq.<br>206 3rd Street<br>Seal Beach, California 90740<br>Tel:    (562) 493-3940<br>Fax:    (562) 493-3670<br>Email: porter3law@aol.com | *Attorneys for Defendant JAMES*<br>*EDWARD MCMILLAN* |

KING, HOLMES,
PATERNO &
BERLINER, LLP

4420.060/828821.1

2